United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1499

_____

| | | |
|---|---|---|
| Charlotte J. Kraft, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| American Crystal Sugar Company, | * | |
| | * | |
| Intervenor Plaintiff, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of Minnesota. |
| Ingersoll-Rand Company, Inc., | * | |
| a corporation; Silver Engineering | * | |
| Works, Inc., a corporation, | * | |
| | * | |
| Defendants/Third Party Plaintiffs/ | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| American Crystal Sugar Company, | * | |
| | * | |
| Third Party Defendant. | * | |
| | * | |

_____

No. 97-1503

_____

| | |
|---|---|
| Charlotte J. Kraft, | * |
| | * |
| Plaintiff, | * |

American Crystal Sugar Company,

      Intervenor Plaintiff/Appellant,

      v.

Ingersoll-Rand Company, Inc.,
a corporation; Silver Engineering
Works, Inc., a corporation,

      Defendants/Third Party Plaintiffs/
      Appellees,

      v.

American Crystal Sugar Company,

      Third Party Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

---

Submitted:  November 20, 1997
Filed:    February 19, 1998

---

Before BEAM, HEANEY, and BRIGHT Circuit Judges.

---

BEAM, Circuit Judge.

      Charlotte Kraft appeals the district court's grant of summary judgment to Silver Engineering Works and Ingersoll-Rand Company on her products liability claim. We reverse.

## I.    BACKGROUND

Charlotte Kraft was employed by American Crystal Sugar Company (American Crystal), a company that processes sugar beets in the Red River Valley region of Minnesota.   She worked on a beet piler manufactured by Silver Engineering Works, Inc., a subsidiary of Ingersoll-Rand Company, Inc. (collectively, Silver Engineering). A beet piler is a large machine that transfers sugar beets from growers' trucks to temporary storage piles, where they are held until they are transported for processing. The piler consists of two platforms with a boom and an elevated operator's cab between the two platforms.  On these platforms are two doors, a "bridge door" and a "flipper door." Both doors must be closed (down) to allow beet trucks to drive onto the platform.  They then must be opened (raised) to accept delivery of the beets.

Kraft began working as a sample catcher for American Crystal on October 21, 1994. Her duties included taking the tickets from the truck drivers, taking samples of beets for quality testing, and keeping the piler free of dirt and mud.  Kraft contends that she received no formal training other than a walk around the machine and a brief explanation of her duties.   She testified by deposition that the 1994 harvest season had been unusually wet, and that she and the other sample catchers had to work constantly to keep the piler free of dirt and mud.  On October 28, 1994, Kraft was cleaning the beet piler when she was injured.  During a lull of several minutes between trucks, the bridge door and flipper door remained in their open position.  Kraft noticed that a chute under these doors was caked with mud.  She went up the ramp, leaned over the open flipper door, and tried to scrape the mud off the chute.  The door was too unstable for her to lean against while reaching down into the chute.  Under the open door a rubber belt usually covered a gap to prevent beets from falling under the door and jamming it open.  That belt, however, had been removed.  Kraft had previously been required to remove beets that had fallen into this gap with a shovel or by hand.  Kraft stood on metal brackets in this gap to give her extra stability and height to scrape the chute. While she was standing on these brackets, the piler operator noticed that the doors

-3-

were open.  Without seeing Kraft, he closed the doors onto her feet and legs, causing severe injuries.

Kraft filed this action against Silver Engineering, alleging both strict products liability and negligence.  The district court granted Silver Engineering's motion for summary judgment on both claims on the ground that Kraft had primarily assumed the risk of injury by placing her feet into the gap when she knew she would be injured if the doors closed.  Kraft appeals.[1]

## II.    DISCUSSION

A grant of summary judgment is reviewed de novo.  See Lang v. Star Herald, 107 F.3d 1308, 1311 (8th Cir.), cert. denied, 118 S. Ct. 114 (1997).  Summary judgment is proper if, taking all facts and reasonable inferences from those facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.  Id.; see also Fed. R. Civ. P. 56(c).  Because our jurisdiction is based on diversity of citizenship, Minnesota law applies to Kraft's claim.  See, e.g., Mudlitz v. Mutual Serv. Ins. Co., 75 F. 3d 391, 393 (8th Cir. 1996).

Under Minnesota law, primary assumption of the risk applies when a plaintiff manifests his or her acceptance of the risk and his or her consent "to undertake to look out for himself and relieve the defendant of the duty."  Andren v. White-Rodgers Co., 465 N.W.2d 102, 105 (Minn. Ct. App. 1991) (citation omitted). This doctrine generally applies to cases that involve inherently risky activities, such as  dangerous sporting events.  See, e.g., Wagner v. Thomas J. Obert Enter., 396 N.W.2d 223 (Minn. 1986) (roller skating); Springrose v. Willmore, 192 N.W.2d 826 (Minn. 1971) (drag racing); Jussila v. United States Snowmobile Ass'n, 556 N.W.2d 234 (Minn. Ct. App. 1996),

---

[1]American Sugar, an intervenor plaintiff in Kraft's lawsuit, also appealed from the district court's order, and joined in the brief filed by Kraft.

review denied, (1997) (snowmobile racing); Henkel v. Holm, 411 N.W.2d 1 (Minn. Ct. App. 1987) (fighting); Swagger v. City of Crystal, 379 N.W.2d 183 (Minn. Ct. App. 1985) (softball). The elements of primary assumption of the risk are that the plaintiff 1) knew of the risk; 2) appreciated the risk; and 3) voluntarily chose to chance the risk, even though he or she had a choice to avoid it. See Andren, 465 N.W.2d at 104.

We find the district court erred in concluding that Kraft primarily assumed the risk of injury here. First, she had limited experience with beet pilers, having spent less than a full week on the job. See Johnson v. Southern Minn. Mach. Sales, Inc., 442 N.W.2d 843, 848 (Minn. Ct. App. 1989) (finding that plaintiff did not appreciate risk of injury because of his limited experience with table saws). Furthermore, Kraft had placed her hands and a shovel into this gap before without incident. See id. (noting that plaintiff did not appreciate risk of injury because he had seen shop teacher and foreman use saw without harm). Finally, and most significantly, Kraft testified that she believed that the power to the piler was off, so that the operator could not close the doors. See Andren, 465 N.W.2d at 105 (plaintiff assumed risk when he recognized the smell of LP gas and lit a cigarette anyway). These facts lead us to conclude that there is a genuine issue of material fact as to whether Kraft appreciated or voluntarily chose to chance the risk that the flipper doors would close while she stood in the gap. Therefore, summary judgment based on primary assumption of the risk was not appropriate.

## III.    CONCLUSION

For the forgoing reasons, the decision of the district court granting summary judgment to the defendants based on primary assumption of the risk is reversed. The case is remanded for proceedings consistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.